UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-61240-CIV-COHN

ANNETTE SHEELY,

     Magistrate Judge Seltzer

    Plaintiff,

vs.

MRI RADIOLOGY NETWORK P.A.
d/b/a University MRI-JFK,

    Defendant.
_____/

### ORDER SETTING TRIAL
### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF PLAINTIFF'S PARTIAL SUMMARY JUDGMENT MOTION

THIS CAUSE is before the Court upon Plaintiff's Motion to Enforce Mandate and for Reconsideration of Plaintiff's Partial Summary Judgment [DE 64]. The Court has carefully considered the motion, response and reply thereto, and is otherwise fully advised in the premises. The motion became ripe on December 28, 2007.

I.  BACKGROUND

Plaintiff Annette Sheely ("Plaintiff") filed this action against MRI Radiology Network, P.A. ("Defendant"), following alleged discrimination against her due to her use of a service dog when she visited Defendant's facility to have an MRI done on her sixteen year-old son's foot on June 8, 2005. This Court granted Defendant's motion for summary judgment based upon mootness as to the federal claims under Title III of the Americans with Disabilities Act ("ADA") (Count I) and Section 504 of the Rehabilitation Act of 1973 ("RA") (Count II). This Court also found no private right of action under Florida Statutes §§ 413.08, 413.081 and 760.07 (Count III). The United States Court of

Appeals for the Eleventh Circuit affirmed the ruling as to the state claim, but reversed and remanded the ADA and RA claims as not moot. The Eleventh Circuit also held, as a matter of first impression, that "emotional damages are available to make whole victims of violations of § 504 of the [RA]." Sheely v. MRI Radiology Network, P.A., 505 F.3d 1173, 1204 (11th Cir. 2007). Plaintiff moves to enforce the mandate and for reconsideration of its prior motion for partial summary judgment as to liability.

## II.  DISCUSSION

Plaintiff seeks to have this Court reconsider and grant her prior motion for partial summary judgment as to liability under the ADA and RA, based upon the factual findings made by the Eleventh Circuit majority opinion. Defendant argues, as is conceded by Plaintiff, that although the appellate court made a number of factual findings, it also stated emphatically that "we offer no opinion on the merits of Sheely's claims for declaratory and injunctive relief. Even though a case is not moot, that does not mean that injunctive relief follows automatically. . . . Therefore, nothing in this opinion should be read to preclude the district court on remand, and after appropriate review, from deciding that equitable relief is not warranted." Sheely, 505 F.3d at 1182, n.10.

Plaintiff, rather, argues not that the Eleventh Circuit opinion requires this Court to find liability at this point, but rather that the Eleventh Circuit's factual findings are the law of the case and should cause this Court to reconsider the prior partial summary judgment motion and find liability on the motion. This Court has reconsidered the prior motion, and upon a full review of the Eleventh Circuit opinion and the record before the

2

Court, denies Plaintiff's motion for partial summary judgment as to liability.[1]

In accordance with the Eleventh Circuit mandate, the Court hereby sets this case for trial on the claims under the ADA and RA. At this point, given that non-economic compensatory damages are now available under the RA, the Court sets this case for a jury trial on all remaining claims, as demanded by Plaintiff in her Complaint [DE 1]. Should Defendant have a legal basis to strike Plaintiff's demand for jury trial, then a motion to strike should be filed by January 18, 2008 (or the parties can consent to a bench trial).

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Enforce Mandate and for Reconsideration of Plaintiff's Partial Summary Judgment [DE 64] is hereby **GRANTED** in part in that the Court sets this case for trial, and **DENIED in part**, in that upon reconsideration, Plaintiff's Motion for Summary Judgment [DE 33] is again **DENIED**;

2. The Court's prior Judgments as to liability [DE 46] and as to costs [DE 58] are hereby **VACATED**;

3. This case is hereby set for trial for the two-week period commencing March 10,

---

[1] Plaintiff also points out that this Court, in its conclusion, stated that "[t]he Court is compelled to point out that not every wrong committed in our society has a legal remedy attached to it. In this case, Defendant should have let Plaintiff accompany her son, with her service animal, down the hall to just outside the MRI scan room. Defendant has essentially admitted its mistake, without admitting any liability, in promulgating a detailed policy that would allow any patient with a service animal, or parent of a minor patient, to bring that service animal down the hall with them." This conclusion is not equivalent to a finding of liability absent the mootness finding, which Plaintiff implies was this Court's ruling.

2008, with Calendar Call set for Thursday, March 6, 2008 at 1:30pm in Courtroom 203E of the United States Courthouse, 299 East Broward Blvd., Fort Lauderdale, FL 33301;

4. The following pretrial deadlines shall now be in effect (Discovery is not reopened as a full discovery period was held prior to the appeal):

| | |
|---|---|
| Exchange of Fact and Expert Witness List | January 31, 2008 |
| Motions in Limine | February 14, 2008 |
| Responses to Motions in Limine | February 29, 2008 |
| Joint Pretrial Stipulation and Deposition Designations for use at Trial | March 3, 2008 |
| Objections to Designations and proposed Voir Dire Questions | Calendar Call |

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of January, 2008.

JAMES I. COHN
United States District Judge

copies to:

Matthew Dietz, Esq.
Stephen Parrish, Esq.

4